IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Entertainment by J & J, Inc.<br>2380 South Bascom Avenue, Ste. 200<br>Campbell, California<br><br>    Plaintiff,<br><br>v.<br><br>Bridges Café<br>Corporate Defendant<br>d/b/a Bridges Café<br>5136 Torresdale Avenue<br>Philadelphia, PA 19124<br><br>and<br><br>Kevin Konieczny<br>5136 Torresdale Avenue<br>Philadelphia PA 19124<br><br>    Defendants. | Civil Action No.  02-3006 |

## COMPLAINT

Plaintiff, Entertainment by J & J, Inc., by and through its undersigned attorneys, Harper & Paul, and sues Defendants Bridges Café, and Kevin Konieczny, and for cause says:

### Jurisdiction

1. This action arises under Section 705 of the Communications Act of 1934, 47 U.S.C. §§605 and 553.

2. Jurisdiction in this Court is proper under 28 U.S.C. §1331. and 47 U.S.C. §§605 and 553.

3. Venue in this Court is proper under 28 U.S.C. §1391(b) as these claims arose in this district.

## Parties

4. The Plaintiff, Entertainment by J & J, Inc., ("Entertainment by J & J, Inc."), is a corporation organized and existing under the laws of the state of, California, with its principal office and place of business located in Campbell, California.

5. The Defendant, Bridges Café, is a Pennsylvania corporation authorized to and transacting business as "Bridges Café" from its principal place of business located at 5136 Torresdale Avenue, Philadelphia, PA 19124.

6. Defendant, Kevin Konieczny, is, upon information and belief, an owner or manager of "Bridges Café".

## Preliminary Background

7. Entertainment by J & J, Inc., entered into a closed-circuit television license agreement to exhibit the closed-circuit telecast of the November 11, 2000 Championship boxing match between Lennox Lewis and David Tua from the Mandalay Bay Resort & Casino in Las Vegas, Nevada, including undercard or preliminary bouts (the boxing match and all related bouts are collectively referred to as the "Event"), at closed-circuit locations such as theaters, arenas, bars, clubs, lounges, restaurants and the like throughout Pennsylvania (the "License Agreement").

8. Entertainment by J & J, Inc., entered into the License Agreement for the purpose of distributing for a commercial gain the closed-circuit broadcast of the Event to various business establishments throughout Pennsylvania.

9. The closed-circuit broadcast of the Event was not intended for the use of the general public. In Pennsylvania, the closed-circuit broadcast of the Event could only be exhibited in a commercial establishment if said establishment was contractually authorized

to do so by Entertainment by J & J, Inc.

10.     Pursuant to the License Agreement, Entertainment by J & J, Inc., marketed and distributed the closed-circuit rights granted to it. Entertainment by J & J, Inc., contracted with various establishments throughout Pennsylvania and granted to such establishments the right to broadcast the Event in exchange for a fee.

11.     The transmission of the Event was electronically coded or "scrambled". In order for the signal to be received and telecast clearly, it had to be decoded with electronic decoding equipment.

12.     The transmission of the Event was available to the Defendants to purchase for broadcast in "Bridges Café ". Had they done so, they would have been authorized to receive, transmit and publish the Event in "Bridges Café". Defendants did not, however, contract with Entertainment by J & J, Inc., to obtain the rights to broadcast the Event.

13.     The establishments which contracted with Entertainment by J & J, Inc., to broadcast the Event were provided with the electronic decoding equipment and satellite coordinates necessary to receive the signal of the Event.

14.     On November 11, 2000, in violation of Entertainment by J & J's, Inc., rights and federal and state law, the Defendants willfully intercepted and/or received the interstate communication of the Event. In the alternative, the Defendants assisted in the receipt of the interstate communication of the Event. The Defendants then transmitted, divulged and published said communication, or assisted in transmitting, divulging and publishing said communication, to patrons within "Bridges Café".

15.     The Defendants misappropriated Entertainment by J & J's, Inc., licensed exhibition of the Event and infringed upon Entertainment by J & J's, exclusive rights while

avoiding proper payment to Entertainment by J & J, Inc.    Defendants' purpose and express intent in committing their unlawful actions was to secure a financial gain and commercial advantage.

16.    The Defendants enabled the patrons within "Bridges Café" to view the Event to which neither the Defendants nor the patrons were entitled.

17.    The persons whom Defendants permitted to view the Event would otherwise have been able to view it at a commercial establishment only if said commercial establishment was properly licensed and authorized by Entertainment by J & J, Inc.

18.    The Defendants were not authorized to intercept, receive or transmit the communication of the Event or to assist in such actions in any form or at any time.

19.    Defendants' unauthorized exhibition of the telecast of the event caused substantial damage to Entertainment by J & J, Inc.

## COUNT I

## VIOLATION OF 47 U.S.C. §605

20.    The Plaintiff hereby incorporates the allegations contained in Paragraphs 1 through 19 of the Complaint.

21.    The Federal Communications Act of 1934, as amended, 47 U.S.C. §605 (the "Statute"), provides in part:

> No person not being authorized by the sender shall intercept any radio communication and divulge or publish the existence, contents, substance, purport, effect, or meaning of such intercepted communication to any person. No person not being entitled thereto shall receive or assist in receiving any interstate or foreign communication by radio and use such communication (or any information therein contained) for his own benefit or for benefit of another not entitled thereto.  No person having received any intercepted radio communication or having become acquainted with the contents, substances, purport, effect, or meaning of such communication (or any part thereof) knowing that such communication was intercepted, shall divulge or

4

publish the existence, contents, substance, purport, effect, or meaning of such communication (or any part thereof) or use such communication (or any information therein contained) for his own benefit or for the benefit of another not entitled thereto.

22. The Defendants' wrongful actions in connection with the Event were in violation of the Statute.

23. Section 605(d)(6) provides that "any person with proprietary rights in the intercepted communication ..." may bring a private cause of action against one who acts in violation of the Statute.

24. By virtue of the License Agreement, Entertainment by J & J, Inc., maintained proprietary rights in the intercepted communication of the Event. Therefore, Entertainment by J & J, Inc., is an aggrieved person and is entitled to recover damages from the Defendants for their violations of the Statute and their interference with Entertainment by J & J's, Inc. proprietary rights.

25. Because of its contractual rights and obligations with regard to distribution of the Event, Entertainment by J & J, Inc., had an important economic interest in protecting the integrity of the communication of the Event. As a direct and proximate result of the Defendants' acts, Entertainment by J & J, Inc., has lost the revenue which would have been derived from the delivery and exhibition of the Event to "Bridges Café" and its patrons, causing substantial and irreparable harm, including, but not limited to, a loss of revenue and profits, damage to its goodwill and reputation, a loss of its substantial investment of financial resources, time and effort in the promotion of the Event and loss of its right and ability to control and receive fees for the reception of the Event. Further, Entertainment by J & J, Inc., has also suffered an unquantifiable loss of future business in those persons who will not patronize Entertainment by J & J's, Inc. subscribers on the assumption that they can

view future similar closed-circuit events at unauthorized establishments such as "Bridges Café".

26.     Because of Defendants' wrongful actions, Entertainment by J & J, Inc., is entitled to collect from the Defendants (1) statutory damages in the amount of Ten Thousand Dollars ($10,000.00), pursuant to §605(e)(3)(C)(i)(II); (2) statutory damages in the amount of One Hundred Thousand Dollars ($100,000.00), pursuant to §605(e)(3)(C)(ii); and (3) full costs, including reasonable attorney's fees, pursuant to §605(e)(3)(B)(iii).

## COUNT II

## VIOLATION OF 47 U.S.C. §553

27.     The Plaintiff hereby incorporates by reference the allegations contained in Paragraphs 1 through 26 above as if the same were fully set forth herein.

28.     Section 553(1) provides, "No person shall intercept or receive or assist in intercepting or receiving any communications service offered over a cable system, unless specifically authorized to do so by a cable operator or as may otherwise be specifically authorized by law."

29.     Upon information and belief, in violation of 47 U.S.C. §553, the Defendants, illegally and without authorization, intercepted, received or otherwise assisted in the unauthorized interception or receipt of the Event.

30.     Upon information and belief, the Defendants effected such interception or receipt of the Events through the use of illegal decoding devices; by the manipulation of the closed-circuit system authorized to carry the Events in the licensing area; by ordering the Events for residential locations and removing the decoder/converter box to Defendants' commercial locations, or by such other means unknown to Entertainment by J & J, Inc., and

known only to Defendants.

31.     Defendants' violations of 47 U.S.C. §553 were committed willfully and for purposes of commercial advantage and private financial gain.

32.     Entertainment by J & J, Inc., is a person aggrieved by the Defendants' violations of 47 U.S.C. §553 and is authorized to institute this action against the Defendants pursuant to §553.

33.     Defendants' violations of 47 U.S.C. §553 have injured and will continue to injure Entertainment by J & J's, Inc., ability to market future pay-per-view products and to maximize the revenues which it seeks to derive from its telecasts, in that Entertainment by J & J, Inc., has been deprived of the benefit of subscribers to the Events and has suffered injury to its goodwill and reputation.  As a further result of such violations, Defendants have gained and will continue to gain unjust profits and undeserved goodwill.

34.     Unless restrained by this Court, the Defendants will continue to receive, intercept, transmit and exhibit Entertainment by J & J's, Inc., programming illegally and without authorization in violation of 47 U.S.C. §553. The Defendants intercepted, received and publicly exhibited Entertainment by J & J's, Inc. telecast of the Event without authorization, on at least one occasion, and Entertainment by J & J, Inc., cannot practicably detect or determine each occasion on which Defendants have intercepted, received and publicly exhibited the Event or other Entertainment by J & J, Inc., programming.

35.     All conditions precedent to Entertainment by J & J's, Inc., right to bring this action have been performed or have otherwise occurred.

WHEREFORE, the Plaintiff, Entertainment by J & J, Inc., prays this Court grant judgment against Defendant Bridges Café , individually and Kevin Konieczny            , jointly and severally,  as follows:

A. Declare that Defendants' unauthorized interception, reception and public commercial exhibition of the Event, or their assistance in the performance of such unauthorized actions, was in violation of the Communications Act, 47 U.S.C. §§553 and 605, and that such violation was committed willfully and for purposes of direct or indirect commercial advantage and private financial gain;

B. For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §605(e)(3)(C)(i)(II);

C. For statutory damages of One Hundred Thousand Dollars ($100,000.00) pursuant to §605(e)(3)(C)(ii);

D. For full costs of this action, including reasonable attorney's fees pursuant to §605(e)(B)(iii);

E. For statutory damages of Ten Thousand Dollars ($10,000.00) pursuant to §553(3)(A)(ii);

F. For statutory damages of Fifty Thousand Dollars ($50,000.00) pursuant to §553(3)(B); and

G. For such other and further relief as the Court deems just and proper.

BY: _____
RONALD J. HARPER, ESQ.


_____
SHARON N. HARVEY, ESQ

Attorneys for Plaintiff
ENTERTAINMENT BY J & J, INC.

C:\Documents and Settings\ronald harper\My Documents\PIRACY\Bridges Complaint.wpd