IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

ENTERTAINMENT BY J&J, INC.,          )
                                     )
                    Plaintiff,       )          Civil Action No.: 02-03006JF
                                     )
v.                                   )
                                     )
BRIDGES CAFÉ, et al.,                )
                                     )
                    Defendants       )
                                     )
_____

## PLAINTIFF'S ANSWER TO DEFENDANTS MOTION TO DISMISS

The Plaintiff, Entertainment by J & J, Inc., by the undersigned counsel files this Answer to

Defendant's Motion to Dismiss.

1.      Denied.

WHEREFORE, for all the foregoing reasons, Honorable Court to Deny Defendant's

Motion to Dismiss the Complaint.


                                     _____
                                     SHARON N.  HARVEY, ESQ
                                     Harper & Paul
                                     140 West Maplewood Avenue
                                     Philadelphia, PA 19144
                                     (215) 844-4848

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENTERTAINMENT BY J&J, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 02-03006JF |
| | ) | |
| v. | ) | |
| | ) | |
| BRIDGES CAFÉ, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

_____

**Plaintiff'S MEMORANDUM OF LAW IN
OPPOSITION TO MOTION TO DISMISS**

_____The Plaintiff, Entertainment by J&J, Inc. ("EBJ&J"), by its undersigned counsel,

files this Opposition to the Motion to Dismiss filed by the Defendants, and says:

## I.    FACTUAL BACKGROUND

The Plaintiff initiated suit against the Defendants on May 21, 2002.  Whereas

Plaintiff, Entertainment by J & J, Inc., entered into a closed-circuit television license

agreement to exhibit the November 11, 2000 Championship boxing match between

Lennox Lewis and David Tua, from Las Vegas, Nevada.   On November 11, 2000,

Plaintiff alleges that the Defendants willfully intercepted and/or received the interstate

communication of the boxing match in violation of Plaintiff rights.

## II.    PROCEDURAL BACKGROUND

On May 21, 2002, Plaintiff filed a Complaint, against Defendant in United States District Court for the Eastern District of Pennsylvania.  On June 17, 2002 service to an agent of Defendants Bridges Café and Kevin Konieczny was made at 5136 Torresdale Avenue, Philadelphia PA. 19124.  On or about June 25, 2002, the return of service was filed with the Court.  On or about July 8, 2002, the Defendants filed a motion to Dismiss.

## III. ARGUMENT

### A.  SERVICE ON THE DEFENDANT KEVIN KONIECZNY WAS SUFFICIENT UNDER THE FEDERAL RULES

The Defendants contend that service on Kevin Konieczny ("Konieczny") was insufficient.  The Defendants are wrong.  In the Federal Courts, original process may be served under either the law of the state in which the district court sits, or under the Federal Rules of Civil Procedure.  Service at the workplace must either be through delivery of a copy of the summons and of the complaint to an agent authorized by appointment or by law to receive service of process, Fed. R.  Civ. P.  4(e)(2) or under Pennsylvania law through handing to an individual with some direct connection to the party to be served on one whom the process server determines to be authorized, on the basis of her representation of authority, as evidenced by the affidavit of service Quarles v. Leneberger (2002) U.S. Dist LEXIS 5007 (E.D. Pa.  2002).

Moreover, in Grand Entertainment Group v.  Star Media Sales, Inc.  988 F.2d 476 (1993  3d Cir. 1993), the "person for time being in charge" should either derive or appear to derive authority from the party upon whom service is attempted.  In the instant case the

barmaid in the bar appears to derive authority to accept service of process by her actions.

## Kevin Konieczny Is a Valid Defendant to this Litigation

As an aside, the Defendants contend that Konieczny is an improper defendant because the commercial establishment which pirated the boxing match, Bridges Café, is allegedly owned by a corporation. Even assuming *arguendo* that this is correct, Konieczny is still a viable defendant.

First, notwithstanding Konieczny's contention to the contrary, he is not being sued as an owner of the corporate Defendant, but rather as a wrongful actor in his own right. Throughout the Complaint, there are numerous allegations which have been made against both Defendants – that they unlawfully and willfully intercepted and/or received EBJ&J's telecast or assisted in these acts and used the broadcast for their own benefit and the benefit of others not so entitled in violation of 47 U.S.C. §§ 553 and 605, to EBJ&J's detriment. The wrongful acts by Konieczny set forth in the Complaint are not alleged to have been committed in either his corporate or his shareholder capacity, but rather in his individual capacity. These acts, if proven, will substantiate claims for violations of 47 U.S.C. §§ 553 and 605.

When analyzing a Motion to Dismiss, a court is bound to resolve all inferences in favor of the Plaintiff, see Hishon v. King and Spaulding, 467 U.S. 69, 73 (1984), and deny the Motion unless it appears beyond a doubt that "the Plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-6 (1957). Here, the wrongful acts are alleged to have been committed by

Konieczny as an individual and the corporate Defendant.  Indisputably, if EBJ&J can

substantiate the claims against Konieczny, he can be found liable for damages.  See e.g.,

That's Entertainment, Inc. v. J.P.T., Inc., 843 F.Supp. 995 (D. Md. 1993) (finding both

the individual defendant and the corporate defendant liable for a violation of 47 U.S.C.

§ 605).

In a nearly identical action in Florida, the court found that "because it does not

appear beyond a reasonable doubt that the Plaintiff can prove no set of fact that would

entitle it to relief," a motion to dismiss the individual defendants was inappropriate.

That's Entertainment, Inc. v. Mauda, Inc., 1995 WL 89366, at *1 (M.D. Fla. 1995).

Here, as EBJ&J has presented this court with a set of facts upon which it can rely to find

Konieczny liable for violating 47 U.S.C. §§ 553 and 605, there is no basis for dismissing

the claims against Konieczny.

**B.      THE CLAIM UNDER 47 U.S.C. § 605 IS VALID**

The Defendants make two arguments that EBJ&J's claim under 47 U.S.C. § 605 is

invalid.  Neither argument has any validity.

### TKR Cable Co. v. Cable City Corp. Does Not Preclude EBJ&J's Claim under 47 U.S.C. § 605

Without providing any explanation, the Defendants claim that EBJ&J's claim

under 47 U.S.C. § 605 cannot be maintained citing TKR Cable Co. v. Cable City Corp.,

267 F.3d 196 (3d Cir. 2001).  Here, again, the Defendants err.

As set forth in the Complaint, the Defendants are being sued by EBJ&J for

intercepting and broadcasting the signal of a boxing match to which EBJ&J retained the rights to distribute.  Conversely, in TKR Cable, the issue on appeal was whether 47 U.S.C. § 605 "applie[d] to the sale of cable decoding equipment." Id. at 197.  As such, TKR Cable is inapposite and does not preclude EBJ&J's claim.  Moreover, the Defendants fail to explain why TKR Cable would apply to this matter.

Defendants' argument also flies in the face of numerous published decisions of plaintiffs prevailing under 47 U.S.C. § 605 under similar circumstances.  See e.g., National Satellite Sports, Inc. v. Eliadis, 253 F.3d 900, 914 (6th Cir. 2001); That's Entertainment, Inc. v. J.P.T., Inc., 843 F.Supp. 995 (D. Md. 1993); Time Warner Cable of New York City v. Googies Luncheonette, Inc., 77 F. Supp.2d 485, 490 (S.D.N.Y. 1999); KingVision Pay-Per-View, Ltd. v. Scott E's Pub, Inc., 146 F. Supp.2d 955, 959 (E.D. Wis. 2001); Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 850 (11th Cir. 1990); Cablevision Systems New York City Corp. v. Lokshin, 980 F. Supp. 107, 112 (E.D.N.Y. 1997); KingVision Pay-Per-View, Ltd. v. Admiral's Anchor, Inc. No. 2, 172 F. Supp.2d 810, 812 (S.D.W.Va. 2001).

In support of their position, the Defendants cite to one case, KingVision Pay-Per-View, Ltd. v. Rocca,[1] 181 F. Supp.2d 29 (D.N.H. 2002), in which the court found that 47 U.S.C. § 605 did not apply because a residential cable box was used to intercept the

---

[1]  The Rocca decision resulted when KingVision's counsel failed to challenge incorrect material allegations in the defendants' motion for summary judgment.  Rocca, 181 F. Supp. 2d at 33; see also KingVision Pay-Per-View, Ltd. v. Rocca, 2002 WL 424610 (D.N.H. 2002).

signal.  As demonstrated above, <u>Rocca</u> swims against the tide of judicial opinion.  <u>See</u>

<u>e.g.</u>, <u>National Satellite Sports, Inc. v. Eliadis</u>, 253 F.3d 900, 914 (6th Cir. 2001); <u>That's</u>

<u>Entertainment, Inc. v. J.P.T., Inc.</u>, 843 F.Supp. 995 (D. Md. 1993); <u>Time Warner Cable of</u>

<u>New York City v. Googies Luncheonette, Inc.</u>, 77 F. Supp.2d 485, 490 (S.D.N.Y. 1999);

<u>KingVision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.</u>, 146 F. Supp.2d 955, 959 (E.D.

Wis. 2001).  Indeed, in <u>National Satellite Sports, Inc. v. Eliadis</u>, 253 F.3d 900, the Sixth

Circuit discussed at length the issue of whether a closed-circuit licensee, like EBJ&J, had

rights to sue under 47 U.S.C. § 605 notwithstanding the fact that the communication

which had been pirated had been taken from the cable broadcast.  The court concluded

that because National Satellite Sports had rights in the commercial communication of the

boxing match, it could prevail.  Similarly, EBJ&J can maintain its claim under 47 U.S.C.

§ 605.[2]

**The Rennard Trilogy of Cases Do Not Preclude**
**EBJ&J's Claim under 47 U.S.C.§ 605**

The Defendants, citing to <u>Joe Hand Promotions, Inc. v. Rennard Street Enterprises,</u>

<u>Inc.</u>, 954 F. Supp. 1046 (E.D. Pa. 1997), additionally contend that because EBJ&J did not

allege how its signal was distributed or the specific technology and means utilized by the

Defendants when they wrongfully intercepted and broadcast their communication the

---

[2]  Moreover, unless the Defendants admit to the Court that they, in fact, moved a residential cable box to Bridges Café in order to intercept the signal, there is no basis for contending that <u>Rocca</u> applies on any level.

claim under 47 U.S.C. § 605 must fail.

As alleged in the Complaint, EBJ&J maintained rights in the signal of the boxing match which the Defendants intercepted. The means and manner of the interception are not known at this time, only that a wrongful act caused the communication to be broadcast. As stated by the court in <u>Time Warner Cable of New York City v. Googies Luncheonette, Inc.</u>, 77 F. Supp.2d 485, 490 (S.D.N.Y. 1999), "[s]ignals do not descramble spontaneously, nor do television sets connect themselves to cable distribution systems." The specifics underlying the Defendants' wrongful actions will not be available to EBJ&J until the discovery phase of this case. However, the Defendants' wrongful actions make them liable for damages under both 47 U.S.C. §§ 553 and 605. <u>See</u> <u>KingVision Pay-Per-View, Ltd. v. Scott E's Pub, Inc.</u>, 146 F. Supp.2d 955, 959 (E.D. Wis. 2001).

In federal courts, pleadings are subject to the notice pleadings rules of the Federal Rules of Civil Procedure which require "only a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). "Such a statement must simply 'give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it rests.'" <u>Warden v. M.B. McLelland</u>, 288 F.3d 105, 114 n.6. (3d. Cir. 2002) (quoting <u>Swierkiewicz v. Sorema N.A.</u>, 534 U.S. 506 (2002)(quoting <u>Conley v. Gibson</u>, 335 U.S. 41, 47 (1957))). Here, the Defendants have certainly been apprized of the claims against it: by virtue of its license agreement EBJ&J had rights in the communication which the Defendants stole. Given the liberal rules of pleadings, <u>see</u>

-8-

<u>Leatherman v. Tarrant County Narcotics Intelligence and Coordination Unit</u>, 507 U.S. 163, 168 (1993), and considering this matter in the light most favorable to EBJ&J, as this court is bound to do, <u>see</u> <u>Rocks v. City of Philadelphia</u>, 868 F.2d 644 (3rd Cir. 1989), there is no basis for concluding that the claim under 47 U.S.C. § 605 is insufficient.

### C.     THE PLAINTIFF HAS STANDING UNDER 47 U.S.C. § 553

The Defendants contend that EBJ&J lacks standing to pursue this matter under 47 U.S.C. § 553 because it is not a cable operator.  The Defendants are incorrect.

Section 553(c)(1) provides that "any person" aggrieved by a violation of § 553 may bring suit to enforce its provisions.  EBJ&J was the provider of the boxing match at issue to commercial establishments, and Defendants illegally broadcast the match in violation of § 553 to a commercial establishment.  EBJ&J was therefore harmed by Defendants' actions, as alleged in the Complaint, and is therefore a person aggrieved under the statute.

Further, while § 553 does not define "person aggrieved," § 605 does.  In seeking to dismiss the count under § 605, the Defendants argue that § 553 and § 605 are mutually exclusive.  While EBJ&J does not agree, it does agree that they should be read *in para materia*.  <u>See</u> <u>Adelphia Cable Partners, LP v. E&A Beepers Corp.</u>, 188 F.R.D. 662, 665 n.1 (S.D. Fla. 1999); <u>Scorer Communications, Inc. v. Mogel</u>, 625 F. Supp. 1194 (S.D. Fla. 1985).  Moreover, the term "person aggrieved" is to be broadly interpreted by the courts and include those with any rights in the intercepted communications.  H.R. Rep. No. 934, 98 Cong. 2d Sess. 83, <u>reprinted in</u> 1984 U.S.C.C.A.N. 4750.  <u>Accord</u> <u>E&A</u>

-9-

Beepers Corp., 188 F.R.D. at 665; Joe Hand Promotions, Inc. v. Rennard, 975 F. Supp.

746, 753 (E.D. Pa. 1997).  These persons  include close-circuit licensees such as EBJ&J.

National Satellite Sports, Inc. v. Eliadis, 253 F.3d 900.  Indeed, as the cases cited earlier

demonstrate, federal jurisprudence is replete with courts finding in favor of closed-circuit

licensees against bars who pirate boxing matches from cable systems.  See e.g.,

KingVision Pay-Per-View, Ltd. v. Scott E's Pub, Inc., 146 F. Supp.2d 955 (E.D.Wis.

2001); That's Entertainment, Inc. v. J.P.T., Inc., 843 F.Supp. 995 (D. Md. 1993);

Entertainment by J&J, Inc. v. Nina's Restaurant and Catering, 2002 WL 1000286

(S.D.N.Y. 2002); KingVision Pay-Per-View, Ltd. v. The Body Shop, 2002 WL 393091

(S.D.N.Y. 2002).

### D.    NO PRIOR DETERMINATION NEEDS TO BE MADE REGARDING DAMAGES

The Defendants claim that EBJ&J should not be entitled to any costs or attorney's

fees under 47 U.S.C. § 553, because the costs and attorney's fees provision of this statute

is not specifically referenced in the prayer for relief.  Obviously, the exclusion of this

provision was a typographical error which could be easily remedied by an amendment to

the Complaint.  At this early stage of the proceedings, certainly no prejudice would result

from an amendment to the Complaint, especially since the Defendants are on notice that

EBJ&J is seeking attorneys' fees under 47 U.S.C. § 605.  Further, there cannot be any

argument that there was any undue delay in amending.  Accordingly, there is no basis for

foreclosing EBJ&J's rights.  See Bailey v. United Airlines, 229 F.3d 194, 203 (3d Cir.

2002).

In a somewhat confusing argument, the Defendants claim that EBJ&J may not argue actual damages while requesting statutory damages. However, as set forth in the Complaint, EBJ&J is requesting the statutory damages, to which it is entitled. See 47 U.S.C. §§ 553(c)(3)(A)(ii) and § 605(e)(3)(C)(i)(II). No argument is being made for actual damages nor is it being requested.

Additionally, the Defendants cite one unpublished case for the proposition that one cannot prevail under both 47 U.S.C. §§ 553 and 605. Nonetheless, case law exists for the contrary proposition. KingVision Pay-Per-View, Ltd. v. Scott E's Pub, Inc., 146 F. Supp.2d 955, 959 (E.D. Wis. 2001). As such, at this early stage of the litigation, there is no basis for limiting EBJ&J's entitlement to damages.

**E.    CONCLUSION**

As the Defendants have failed to provide this Court with any valid basis for dismissing this Complaint, the Motion should be denied.

Respectfully submitted,

_____
Ronald J. Harper
Sharon N. Harvey
Harper & Paul
140 West Maplewood Avenue
Philadelphia, PA 19144
Telephone: (215) 844-4848
Facsimile: (215) 844-0464

Attorneys for Entertainment by J&J, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY, that on July 26, 2002, a copy of the foregoing Opposition

to Motion to Dismiss and the accompanying proposed Order was electronically mailed to

Jonathan J. Sobel, Esquire, Galerman Tabakin & Sobel, mate89@aol.com Attorneys for

the Defendants.

_____

Sharon N.  Harvey, Esquire
Harper & Paul
140 West Maplewood Avenue
Philadelphia, PA 19144

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| ENTERTAINMENT BY J&J, INC., | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No.: 02-03006JF |
| | ) | |
| v. | ) | |
| | ) | |
| BRIDGES CAFÉ, et al., | ) | |
| | ) | |
| Defendants | ) | |
| | ) | |

_____

**ORDER DENYING MOTION TO DISMISS**

Upon consideration of the Motion to Dismiss filed by the Defendants and the

Plaintiff's Opposition thereto, the papers having been read and considered, it is this

_____ day of _____, 2002, by the United States District Court

for the Eastern District of Pennsylvania,

ORDERED, that the Motion BE and IS hereby DENIED.


_____

United States District Judge